UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED HOSSEIN KEIVANI, | No.  1:26-cv-3292-DC-DMC-HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

Petitioner, an immigration detainee proceeding with retained counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See ECF No. 1. Respondents filed an answer, ECF No. 6, and Petitioner filed a traverse/reply, ECF No. 8.

**I. BACKGROUND**

According to Petitioner, he is a citizen of Iran who entered the United States on April 15, 2023, and upon entering the United States, "he requested asylum and was subsequently placed in ICE custody." ECF No. 1, pg. 5. On September 18, 2023, Petitioner was ordered removed, and the order of removal became final January 17, 2024, when the Board of Immigration Appeals dismissed Petitioner's appeal. See ECF No. 6, pg. 2.  Petitioner was then released on an order of supervision,[1] documentation of which is provided by Respondents. See id.

---

[1] In the petition, Petitioner asserts he has remained in custody since 2023, however Respondents

1

at 6 and 23-27.  According to Respondents, "[o]n June 23, 2025, Petitioner was re-detained by ICE officers pursuant to a warrant of removal." Id. at 6. Respondents provide the Record of Deportable/Inadmissible Alien completed June 23, 2025, reflecting Petitioner's detention See id. at 29-32.

Petitioner asserts that his continued detention is governed by § 1231(a)(6) because Petitioner is past the 90-day removal period. See ECF No. 1, pg. 6-7. Petitioner argues that his continued detention violates Zadvydas because his detention is prolonged and "his removal is not significantly likely in the reasonably foreseeable future." Id. at 8-9 (citing Zadvydas v. Davis, 533 U.S. 678). Additionally, Petitioner argues his prolonged detention, absent a bond hearing, violates his due process rights "as it no longer serves any legitimate, nonpunitive governmental interest" and he was detained absent "adequate procedural safeguards." Id. at 10 - 17. Petitioner seeks immediate release and that Respondents be enjoined from "from re-detaining Petitioner under § 1231(a)(6) absent materially changed circumstances demonstrating a significant likelihood of removal in the reasonably foreseeable future," written notice, and additional procedural safeguards. Id. at 18.

Respondents argue that "Petitioner has a final removal order which subjects him to mandatory detention in accordance with 8 U.S.C. 1231." ECF No. 6, pg. 1. Respondents argue that Petitioner has only been in custody since June 23, 2025, and ten months "is generally not sufficient for a prolonged detention claim." Id. at 2. Respondent argues Petitioner's detention is distinguishable from the issue addressed in Zadvydas because "Petitioner has not demonstrated that Iran would not accept him or that his removal is barred by our own laws." Id. at 4. Respondents contend that Petitioner "was interviewed by ICE ERO but seemingly refused to cooperate with ICE on July 9, 2025." Id. at 2. Respondents attach an exhibit in support of this claim, which is a document dated July 9, 2025, titled "Warning for Failure to Depart," which consists of an excerpt of Section 243(a) of the Immigration and Nationality Act (INA), at the bottom of which indicates that Petitioner refused to sign the document. Id. at 36.

---

stated that Petitioner was previously released, ECF No. 6 at 6 and 23-27, and Petitioner concedes this in the traverse/reply, ECF No. 8, pg. 4.

2

In reply, Petitioner argues he has established that removal is not significantly likely in the reasonably foreseeable future because "Respondents do not identify a travel document, a receiving-country acceptance, a scheduled flight, or a firm removal date" and there is "no concrete repatriation evidence." ECF No. 8, pgs. 2-3. Petitioner contends that "Respondents' reliance on an asserted failure to cooperate on July 9, 2025," is "only an instruction sheet concerning assistance with removal" which does not establish that "removal would have occurred but for [Petitioner's] conduct." Id. at 5. Finally, Petitioner argues that Petitioner's prior release demonstrates "that less restrictive alternatives are workable" and Respondents fail to "identify any new individualized facts demonstrating that supervision is no longer adequate." Id. at 6.

## II. DISCUSSION

The undersigned finds that Petitioner is subject to 8 U.S.C. § 1231 and, given his prior release due to the governments' inability to effectuate Petitioner's removal within the required period, revocation of such release requires compliance with § 241.13(i). Upon finding Petitioner was not afforded such process, the undersigned will recommend Petitioner be immediately released. In light of this recommendation, the undersigned finds it is not necessary to consider Petitioner's additional claims for relief.

The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C. § 1231, which directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of any order of removal. 8 U.S.C. § 1231(a)(1). However, once that time passes and after "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," the noncitizen must be released. Zadvydas v. Davis, 533 U.S. 678, 699 (2001). Upon release, a noncitizen subject to a final order of removal must comply with certain conditions of release. 8 U.S.C. § 1231(a)(3), (6).

The revocation of that release is governed by 8 C.F.R. § 241.13(i), which authorizes revocation of a noncitizen's release for violating conditions of release or purposes of removal, specifically:

///

3

(1) **Violation of conditions of release**.  Any alien who has been released under an order of supervision under this section who violates any of the conditions of release may be returned to custody and is subject to the penalties described in section 243(b) of the Act. In suitable cases, the HQPDU shall refer the case to the appropriate U.S. Attorney for criminal prosecution. The alien may be continued in detention for an additional six months in order to effect the alien's removal, if possible, and to effect the conditions under which the alien had been released.

(2) **Revocation for removal**.  The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. Thereafter, if the alien is not released from custody following the informal interview provided for in paragraph (h)(3) of this section, the provisions of § 241.4 shall govern the alien's continued detention pending removal.

8 C.F.R. § 241.13(i),

The provisions of § 241.13(i) additionally outline the revocation procedure, which requires: "(1) the noncitizen must be informed of the basis for revocation; (2) the noncitizen must be provided a "prompt" opportunity to present evidence and explain why revocation is not warranted; and (3) if the revocation is discretionary in nature, it must be made by an appropriate official." Esmail v. Noem, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030590, at *2 (C.D. Cal. Sept. 12, 2025) (citing § 241.13(i)(3); § 241.4(l)(2)).

"It is well-established that government agencies are required to follow their own regulations." Constantinovici v. Bondi, 806 F. Supp. 3d 1155, 1164 (S.D. Cal. 2025) (citing United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268, 74 S.Ct. 499, 98 L.Ed. 681 (1954); United States v. Ramos, 623 F.3d 672, 683 (9th Cir. 2010)). In light of this, district courts have found it is appropriate to order the release of immigration detainees when it is determined that ICE violated their own policies when effectuating the detention of a noncitizen. See Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) (finding petitioner likely to succeed on his unlawful re-detention claim because "there is no indication that an informal interview was provided"); Rombot v. Souza, 296 F. Supp. 3d 383, 387 (D. Mass. 2017)(ordering petitioner's release because "the record does not show" that ICE followed the requirements to revoke release as set forth in § 241.4); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 164 (W.D.N.Y. 2025) (finding petitioner's due process rights were violated when ICE failed

4

to comply with § 241.4 when revoking petitioner's release due to violations of the conditions of release); Saeid Baniasadi v. Fereti Semaia, No. EDCV 26-01275-MWF(DSR), 2026 WL 851358 (C.D. Cal. Mar. 25, 2026)(ordering a petitioner's release upon finding petitioner is likely to succeed on his claim that the revocation of his release was not in accordance with § 241.4).

When the government seeks to revoke the release of a noncitizen subject to § 1231 for removal, but fails to provide the process prescribed in § 241.13(i)(3),  this Court has granted petitions, or afforded injunctive relief, ordering the immediate release of the noncitizen. See Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2025); Vuong v. Becerra, 1:25-cv-01847-DC-CSK, 2025 WL 3707172 (E.D. Cal. Dec. 22, 2025).

When release is revoked to effectuate removal, this Court has recognized the statutory language

> does not allow a court, in the first instance, to make an individualized finding that a changed circumstances has occurred. *Van Nguyen v. Hyde*, No. 25-cv-11470-MJJ, 2025 U.S. Dist. LEXIS 117495, 2025 WL 1725791, at *3 (D. Mass. Jun. 20, 2025) (quoting *Kong v. United States*, 62 F.4th 608, 620 (1st Cir. 2023)). Instead, to the extent ICE claims that it made such a determination, the court should review that claim in light of the factors set out in 8 C.F.R. § 241.13(f), "instructing ICE on how it should make such a determination." *Id.* The § 241.13(f) factors include but are not limited to:
>> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question. *Id.*

Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 6, 2025)

In Hoac, the District Judge found respondents' claims "there is a pending updated travel document request," a repatriation agreement between countries exists, and that removals between those countries has occurred did not establish a change in circumstances which makes removal reasonably foreseeable and ordered petitioner's release. See id.; see also El-Ghazaly v. Chestnut, 1:25-cv-01621-DC-CKD, 2025 WL 3485030 (E.D. Cal. Dec. 4, 2025).

Here, Respondents contend Petitioner is detained pursuant to § 1231(a)(6) because his order of removal became final January 17, 2024, and he was released seven months after that

on October 4, 2024. See ECF No. 6, pg. 2.  Petitioner's order of supervision, provided by Respondents, specifically states that Petitioner was released "because the agency has not effected your deportation or removal during the period prescribed by law." Id. at 23. Thus, the undersigned finds that revocation of Petitioner's release is governed by 8 C.F.R. § 241.13(i).

However, Respondents make no showing that Petitioner was provided the process required by § 241.13(i)(3) when revoking such release. Specifically, there is no indication that Petitioner was informed why his release was revoked nor that Petitioner was provided an informal interview. The closest Respondents get to claiming such process was afforded to Petitioner is the claim that Petitioner "was interviewed by ICE ERO but seemingly refused to cooperate with ICE on July 9, 2025." ECF No. 6, pg. 2. However, the document provided in support of that claim merely quotes Section 243(a) of the INA but does not contain any allegation that Petitioner violated that section. See ECF No. 6, pg. 36. Though the document indicates that Petitioner refused to sign the document, as Petitioner notes, neither Respondents nor the document explain how such a refusal is related to Petitioner's removal, nor the revocation of Petitioner's release. Indeed, such document could not establish Petitioner violated the conditions of release nor put Petitioner on notice of such violation in accordance with § 241.13(i)(3) because the document is dated weeks after Petitioner was detained.

Respondents do not claim that Petitioner's release was revoked to effectuate his removal pursuant to § 241.13(i)(2) and the undersigned finds no evidence in the record that there was a change in circumstances such that Petitioner's removal was reasonably foreseeable and justified revocation of Petitioner's release. Respondents argue Petitioner failed to establish that there is no significant likelihood of removal in the reasonably foreseeable future because "Petitioner has not demonstrated that Iran would not accept him or that his removal is barred by our own laws." Id. at 4. However, the burden is on the government to comply with their own regulations and the undersigned finds that the absence of proof that Petitioner cannot be removed to Iran does not satisfy the showing needed to comply with 8 C.F.R. § 241.13(i). Accordingly, the undersigned will recommend granting the petition and ordering Petitioner's immediate release, on the same conditions as his prior release, and that Respondents be enjoined

6

from re-detaining Petitioner absent compliance with 8 C.F.R. § 241.13(i).

### III. CONCLUSION

Based on the foregoing, the undersigned recommends:

1.      It is RECOMMENDED that the petition for writ of habeas corpus, ECF No. 1, be GRANTED;

2.      It is RECOMMENDED that Respondents be ORDERED to immediately release Petitioner on the same conditions as his prior release with all Petitioner's documents and possessions;

3.      It is RECOMMENDED that Respondents be ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.13(i);

4.      It is RECOMMENDED that Respondents be ORDERED to file a notice of compliance within three (3) days of the District Judge's order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 22, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7